### HERKIMER LUMBER CO. v. STATE.

(Court of Claims of New York.   August 19, 1911.)

1. INJUNCTION (§ 148*)—SECURITY FOR DAMAGES.

Though as a rule no liability arises from beginning legal proceedings, an injunction restraining the commission of particular acts will only be issued upon the giving by complainant of security for damages occasioned by its issuance.

[Ed. Note.—For other cases, see Injunction, Dec. Dig. § 148.*]

2. INJUNCTION (§ 259*)—WRONGFUL INJUNCTION—PERSONS LIABLE—STATE—ABSENCE OF SECURITY.

Code Civ. Proc. § 264, gives the Court of Claims jurisdiction to determine a private claim against the state, but provides that no award shall be made against it excepting upon evidence which would establish liability against an individual or corporation in a court of law or equity. The Code of Civil Procedure exempts the state as well as municipalities from giving security in injunction suits brought by it, but makes a municipality in such case liable for damages caused by the injunction, though no security be given. Held, that the state was liable for damages caused by unsuccessfully suing out an injunction to restrain claimants from cutting timber on certain premises and removing logs theretofore cut, though it was exempt by statute from giving security for damages.

[Ed. Note.—For other cases, see Injunction, Dec. Dig. § 259.*]

Claim by the Herkimer Lumber Company against the State of New York.   Judgment for claimant.

This is a claim for damages due to delay caused by the acts of the state, and particularly by reason of an injunction order procured in an action restraining the claimant from cutting trees and timber upon certain premises in the Adirondacks and from removing logs and timber that had previously been cut. In accordance with the provisions of the Code of Civil Procedure, no undertaking was given by the state. The action resulted in the claimant's favor, and it now seeks to recover the damages occasioned by the action of the state. These damages are estimated at $73,017.06, with interest from June 27, 1905.

Snyder, Cristman & Earl, for claimant.

Thomas F. Carmody, Frank W. Brown, and M. H. Quirk, for the State.

RODENBECK, J.   [1] There must of necessity be the greatest latitude in the institution of legal proceedings, and therefore in most cases no liability attaches for damages that may be occasioned by such proceedings. There are exceptions, however, and one of these exceptions relates to cases where an injunction is procured restraining one of the parties from doing certain acts. As a condition for obtaining such an injunction security is required, which makes the party procuring the injunction liable for damages that he may occasion by having procured such injunction.

[2] The state, however, is not required to furnish security where it has procured an injunction, and this raises the question in this claim whether or not under such circumstances, the state having commenced an action which has resulted unsuccessfully and having caused damages

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to the opposite party, it is liable for such damages. At common law it would not be liable, for no liability would exist in the case of an individual or corporation, except as such liability is created by the statute requiring security to be given. The state, however, has assumed such a liability. The statute provides that this court shall have jurisdiction to hear and determine all private claims against the state, and the state has consented in all such claims to have its liability determined. Code of Civil Procedure, § 264.

This liability, however, is subject to the limitation that the claimant must make out a case upon which he could recover, were it an action against an individual or corporation in the ordinary courts, and to do this, of course, he would be required to show that a liability would exist in a case where no undertaking had been given. The statute which exempts the state from furnishing security includes a municipal corporation in such exemption, but provides that in such cases a municipal corporation shall be liable for the damages occasioned by the injunction, notwithstanding the absence of the security. This provision making a municipal corporation, which embraces a county, city, town, and village, liable for damages occasioned by an injunction order, though no security was given in connection with it, brings the claimant within the letter and spirit of the statute which makes the state liable in cases where a recovery could be had, were the action one against an individual or corporation in the ordinary courts of the state.

If this action were brought against a county, city, town, or village under the same state of facts, a liability would exist; and under the language of the statute, conferring jurisdiction upon this court and granting the consent of the state to have its liability determined, the court has jurisdiction to entertain the claim.